276 So.2d 610

**Dorothy Ann Thompson TYLER**

v.

**Thomas M. THOMPSON.**

**Civ. 122.**

Court of Civil Appeals of Alabama.

April 18, 1973.

Roger H. Bedford, Russellville, for appellant.

HOLMES, Judge.

This is an appeal from a decree of the Colbert County Circuit Court, in Equity, rendered on September 12, 1972. The case was submitted to this court on April 4, 1973.

In 1967, the Circuit Court of Colbert County entered a decree divorcing the appellee from appellant and an agreement between the parties was incorporated in the

26

court decree and made a part thereof. By the terms of the agreement the appellee-husband was awarded custody of the two minor children of the parties who are approximately nine and eight years of age. The appellant was given reasonable visitation rights and, in addition, was given the right to have the children visit with her for a period of not longer than thirty days during the summer months.

In May of 1970, the trial court modified its earlier decree and eliminated appellant's right to have the children visit for a thirty day period in the summer months. By the modification appellant was given reasonable visitation rights.

Appellant, in May of 1972, filed a petition styled "Petition for Custody of Children" in the Circuit Court of Cullman County wherein she sought visitation or custody of the children for a thirty day period in the summer, specifically the month of July. The petition was transferred by the Circuit Court of Cullman County to the Circuit Court of Colbert County.

The matter was then heard *ore tenus* by the court of Colbert County and the relief prayed for was denied.

It is from this action by the trial court that this appeal is taken.

As we understood it, appellant, by her assignments of error, first contends that the trial court erred when it, in effect, refused to modify and recognized the validity of the decree of May 1970 when that decree (May 1970) was void because a hearing was held without notice being given and after a demurrer had been filed by appellant.

■ The decree of May 1970 was rendered after service. The respondent thereto, the appellant here, filed a demurrer but thereafter failed to appear and the court then entered the following decree:

"This cause coming on to be heard on the Petition of the Complainant to modify the decree of divorce entered by this Court on February 16, 1967, and the Respondent failing to appear, and on motion of the Complainant for a decree pro confesso, it is ordered, adjudged and decreed that a decree pro confesso be entered against the Respondent in this cause, and the Court having proceeded to hear the testimony in this cause, it is the opinion of the Court that the relief prayed for should be granted.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the decree of this Court dated February 16, 1970, in the above styled cause be and is hereby modified and that portion of the said decree providing that the Respondent shall have the care, custody and control of the minor children of the Parties, namely, Michael Bradford Thompson and Elizabeth Thompson for a period of 30 days each and every summer shall be deleted.

"It is further ordered, adjudged and decreed that the Respondent, Dorothy Ann Thompson shall have the right to visit the aforesaid minor children at all reasonable times and places.

"Done and ordered on this the 8 day of May, 1970."

It does not appear in the record to this cause now before us that any motion or appropriate proceeding was made to the trial court to set aside the decree of May 1970. In any event, the only way in which such a motion would be valid would be if the decree is void on the face of the record for want of jurisdiction of the subject matter or of a party. Capps v. Norden, 261 Ala. 676, 75 So.2d 915; Ala.Dig., Equity, ☜430(2). If such a motion had been made and a ruling made thereon, such ruling could then be appealed to the appropriate appellate court of Alabama.

■ Put another way, the trial court, in this instance and in this matter, cannot be reversed for recognizing the existence of its prior order when no appropriate motion has been placed before it for a ruling on the validity of said prior order.

We therefore find the decree of May 1970 is not subject to attack by appeal from the trial court's decree of September 1972. Any such attack comes too late. See Tit. 7, § 788, Code of Alabama 1940.

We further note that a court of equity awarding custody or visitation rights is exercising its inherent powers and it is immaterial how the power of the court to modify a decree is invoked and, certainly, the power of the court was invoked in May of 1970; i. e., the appellee petitioned the court and the appellant made an appearance. See Smith v. York, 278 Ala. 508, 179 So.2d 87.

The appellant's other assignments of error are that the court erred in not granting to appellant the relief prayed for in her petition.

We do not deem it necessary nor in the best interest of the parties to set out the evidence in this case, suffice it to say that there is evidence that the best interest of the children could be best served by not leaving their present environment for an extended period of time.

The overwhelming consideration in cases of this nature is the welfare of the children. Evans v. Wilkes, 48 Ala.App. 363, 265 So.2d 145 (cert. den. July 27, 1972, 288 Ala. 742, 265 So.2d 147); Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Ala. Dig., Divorce, ⬅298(1).

The trial court heard the evidence, observed the witnesses, and based its decision on these factors in arriving at its determination that the welfare of the children would best be served by denying appellant a thirty day visitation period. It did not deny appellant reasonable visitation rights.

There is, of course, a strong presumption favoring the trial court's findings in cases of this class. Ala.Dig., Appeal and Error, ⬅931(1). In view of the presumptions and the primary consideration being the welfare of the children, we cannot say the trial court was plainly and palpably wrong and committed reversible error in denying the relief prayed for by appellant.

While it is not necessary to this decision, we note there is no evidence that appellant is at this time unfit; quite the contrary, and this court's ruling and the trial court's order is never in cases of this nature *res judicata*. See Danford v. Dupree, 272 Ala. 517, 132 So.2d 734. Under different circumstances the court may later well reach a different conclusion.

All assignments of error properly presented having been considered, this case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.