BRADLEY, Presiding Judge.
This case involves the involuntary commitment of a minor to the care, custody, and control of the Alabama Department of Mental Health.
On November 26, 1986, the Department of Human Resources in Lauderdale County petitioned the Lauderdale County Juvenile Court to involuntarily commit Richard Brown. Richard is mentally retarded.
A preliminary hearing was held, and the minor, Richard Brown, was orally informed of the pending proceedings and their potential consequences. The trial court then issued a written order setting forth the date, time, and place of the final hearing.
Following the final hearing, the trial judge issued an order committing Richard Brown to the care, custody, and control of Mental Health.
Mental Health appeals, asserting that it was not given notice of either the petition to commit Richard Brown or the subsequent hearing as required by § 12-15-90(d)(3), Code 1975. Mental Health maintains that this failure to give notice denied it an adequate chance to respond to the petition and, consequently, that the order should be set aside.
We have examined the record and fail to find any motion made by Mental Health to the trial court to set aside the commitment order on the grounds of lack of notice. It is well settled that only issues raised at the trial court level are properly preserved for appeal. Tyler v. Thompson, 50 Ala.App. 24, 276 So.2d 610 (Ala.Civ.App.1973). Consequently, we may not set aside the trial court’s order on the ground that Mental Health was not afforded notice pursuant to § 12-15-90(d)(3), Code 1975.
In the alternative, Mental Health urges that the commitment was improperly ordered as there was not substantial evidence to support a finding that “[t]he minor or child, if allowed to remain in the community, is likely to cause serious injury to himself or others, or that adequate care, rehabilitation and training opportunities are available only at a facility provided by the department of mental health and mental retardation.” Section 12 — 15—90(j)(3), Code 1975 (emphasis added). Mental Health concedes that the first two requirements necessary for involuntary commitment of a mentally retarded minor are met in this case. Those two additional requirements are: (1) that the minor, or child, be mentally retarded, and (2) that the retardation is not borderline or mild.
We note that we may not reverse the trial court’s findings absent a determination that the findings are either without evidentiary support or that they are so clearly erroneous as to be against the great weight of the evidence. Kelly v. Smith, 454 So.2d 1315 (Ala.1984). In fact, the lower court’s findings are presumed correct. Kelly, supra.
After examining the record, we find that there was uncontroverted testimony that no community resources were available for Richard. Additionally, testimony was received which indicated that no community resource was available in the entire state.
Pursuant to § 12 — 15—90(j)(3), Code 1975, if substantial evidence establishes either that the child is likely to cause serious injury to either himself or others or that the only adequate care available is that provided by Mental Health, then the third requirement for involuntary commitment is met.
We are satisfied that the evidence supports the trial court’s finding that the only resource available to Richard is Mental Health. Thus, we uphold the commitment order.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.