The State Department of Mental Health and Mental Retardation (mental health department) and the State Department of Human Resources (DHR) filed petitions for writs of mandamus to require the Montgomery County juvenile court to set aside its order dated August 23, 1989, styled In re Eddie Stokes, Jr.
On August 2, 1989, Eddie Stokes, Jr., a minor child, was admitted by his father into the Humana Teen Unit, a private psychiatric hospital facility. On August 23, 1989, the Montgomery County, juvenile court reviewed prior orders concerning Eddie Stokes, Jr. and ordered that he remain in the private facility. The juvenile court then ordered that the mental health department and DHR share the cost of Eddie's treatment at the private facility.
The mental health department and DHR both contend that the juvenile court lacks the authority to order them to pay the costs associated with the mental health treatment of the child at the private facility. We agree.
The supreme court, as well as this court, has addressed this issue and has found that, if the child's parents or others legally obligated are financially unable to pay such expenses, the county is statutorily obligated to do so. See Childree v.Health Care Authority, 548 So.2d 419 (Ala. 1989); Ex parteDepartment of Mental Health, 511 So.2d 181 (Ala. 1987); Matterof McCain, 348 So.2d 780 (Ala. 1977); Ex parte Department ofHuman Resources, 553 So.2d 1159 (Ala.Civ.App. 1989).
Mandamus is the proper remedy to vacate an order that a trial court has no power to enter. Ex parte Department of HumanResources, supra. Therefore, in view of the above, the writs are due to be granted unless, within seven days, the juvenile court sets aside its August 23, 1989, order and orders that the cost of the child's mental health treatment in the private facility be borne by Montgomery County.
WRITS DENIED CONDITIONALLY.
ROBERTSON and RUSSELL, JJ., concur.