RUSSELL, Judge.
The mother filed a petition in the trial court, alleging that her daughter, R.D.S., was a delinquent child and had slapped her and pushed her against a wall. The trial court ordered that the daughter submit to a mental examination by a competent psychiatrist or psychologist at Crestwood Hospital.
In response to a petition filed by a representative of the district attorney, and after a final hearing, the trial court made the following findings: that the daughter was mentally ill and was a threat of harm to herself and to others, as evidenced by her acts; that residential treatment was the least restrictive alternative available for the daughter; and that, pursuant to § 12-15-90, Ala.Code 1975, a copy of the petition and notice was sent to the Department of Mental Health (Mental Health) prior to the hearing, which Mental Health had ignored. The trial court then committed the daughter to the custody of Mental Health. Because it found that Mental Health had not recognized its responsibility for the daughter, the trial court awarded her custody as a dependent child to the Department of Human Resources (DHR), until Mental Health “recognized its responsibility to provide treatment for [the] child.” DHR was to place the daughter in supervised foster care and to secure needed medical care and treatment for the daughter. The county was to pay the expenses of treatment only until the date of the trial court’s order.
At the hearing DHR objected to the portion of the order finding the daughter dependent and awarding her custody to DHR. DHR filed a motion to alter, amend, or vacate the judgment, alleging that the trial court was without jurisdiction or authority to award the custody of the daughter to it. The trial court denied the motion, and DHR appeals. We reverse and remand.
DHR contends that the trial court erred in awarding it legal custody of the daughter after finding that she was mentally ill and committing her to the custody of Mental Health.
Section 12-15-90(d)(3), Ala.Code 1975, provides as follows:
“Notice of the filing of a petition under this section and of the date of final hearing shall be given to the state department of mental health and mental retardation as provided by rules promulgated by the supreme court. Said notice shall constitute an application for admission to a facility maintained, operated or under the supervision and control of the department of mental health and mental retardation.
“Not less than 24 hours prior to the final hearing, said mental health department shall notify the district court whether adequate facilities are available for the minor or child and to which facility the minor or child should be sent if the district judge should determine that such *310 minor or child is to be committed. No person shall be accepted if the facility does not have adequate facilities available or if acceptance would result in an overcrowded condition.”
In the present case Mental Health did not respond to the notice sent by the trial court as required by § 12-15-90. Because Mental Health did not respond to the notice, the trial court awarded custody to DHR. DHR now argues that it is not equipped to take care of mentally ill children; therefore, awarding legal custody of the daughter to DHR was not in her best interest.
The primary concern of the juvenile court should be the best interest of the juvenile. Ex parte Department of Mental Health, 511 So.2d 181 (Ala.1987). In that case our supreme court stated that
“[the] Department of Mental Health is therefore charged by the Legislature to accept minors alleged to be mentally ill and treat them by means of its various programs and facilities. Nowhere in any of these statutes does the Legislature state that anyone other than the Department of Mental Health is authorized to care for and treat these, children.”
Id. at 183. The supreme court found that the county, pursuant to § 12-15-10, was responsible for the child’s care at a private institution.
This court, citing Ex parte Department of Mental Health, has also held that Mental Health, not DHR, is the entity charged with the responsibility for the custody and treatment of children with mental illness. However, if the child’s parents, or others legally obligated, are unable to pay the expenses of private psychiatric treatment while the child is awaiting acceptance at a mental health facility, the county is required to do so. Ex parte Department of Human Resources, 553 So.2d 1159 (Ala.Civ.App.1989).
In addition, § 12-15-71 provides that the trial court may transfer legal custody to DHR of a child that has been found to be dependent if DHR is equipped to care for the child. DHR claims that it is not equipped to care for mentally ill children and that the trial court has attempted to modify the statutory obligation of the county to pay for the care and maintenance of a child committed to the custody of Mental Health by transferring custody to DHR. This, it claims, the trial court cannot do. We agree.
As indicated above, Mental Health is required to accept the daughter unless adequate facilities are not available or such acceptance would result in an overcrowded condition. § 12-15-90(d)(3). If Mental Health is unable to provide for her care because of inadequate facilities or overcrowded conditions, the county is responsible for the expenses of private psychiatric care until Mental Health is able to provide for her care. Therefore, based on the above, we hold that, because DHR is not the agency charged with the care of mentally ill children and is not equipped to provide such care, the trial court erred in finding the daughter to be dependent and in awarding her legal custody to DHR.
This case is reversed and remanded with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.