THIGPEN, Judge.
This appeal involves the custody and financial responsibility of a minor child adjudicated mentally ill and committed to the Department of Mental Health and Mental Retardation (DMH).
In May 1992, the mother of T.L.H., a minor child, petitioned the Juvenile Court of Lee County, Alabama, alleging that T.L.H. “is possibly mentally ill and as a consequence of said mental illness, poses a real & present threat of substantial harm to himself or to others.” She requested that T.L.H. be committed to DMH for treatment of mental illness.
Following numerous proceedings and orders, the juvenile court ultimately ordered that the legal custody of T.L.H. “remains with the Department of Human Resources” (DHR) until placement in the DMH system. Prior orders concerning T.L.H.’s commitment and ordering DHR to bear the financial responsibility of the child were to remain in full force and effect except as modified. DHR appeals.
On appeal, DHR alleges that the juvenile court erred in ordering DHR to have legal custody of a mentally ill child after the child had been committed to DMH, and that the juvenile court abused its authority by ordering DHR to pay the maintenance and care expenses of a mentally ill child committed to DMH.
From the scant record before us, it appears that, after emergency care and treatment of T.L.H. by East Alabama Medical Center Psychiatric Unit (EAM), the juvenile court determined that T.L.H. was mentally ill, and on May 20, 1992, the juvenile court ordered that he be committed him to DMH for evaluation and treatment. The record contains multiple controversies over various portions of the numerous juvenile court orders. Although portions of the original committing order were vacated, the commitment to DMH was never vacated nor altered in any form. In fact, the order *297 appealed from references T.L.H.’s eventual placement within the DMH system pursuant to that commitment. There is no controversy regarding whether commitment to DMH was appropriate. DHR, as appellant, supplied the only brief and argument.
Appellant DHR correctly argues that DHR is not equipped to care for mentally ill children and that it is not the proper agency charged with that responsibility. Matter of R.D.S., 600 So.2d 308 (Ala.Civ.App.1992). “[T]he entity charged with the responsibility for the custody and treatment of children with mental illness is the Department of Mental Health and not DHR.” Ex parte Department of Human Resources, 553 So.2d 1159, 1161 (Ala.Civ.App.1989). The law is mindful of the need to provide care and treatment for mentally ill minors by DMH. Ala.Code 1975, § 12-15-90. Our Supreme Court has stated that “[t]he Department of Mental Health is therefore charged by the Legislature to accept minors alleged to be mentally ill and treat them by means of its various programs and facilities. Nowhere in any of these statutes does the Legislature state that anyone other than the Department of Mental Health is authorized to care for and treat these children.” Ex parte Department of Mental Health, 511 So.2d 181, 183 (Ala.1987).
When the trial court committed T.L.H. to DMH, his legal custody transferred to DMH. Ala. Code 1975, § 12-15-1(5). The trial court’s order that legal custody of T.L.H. remains with DHR is inconsistent with the prior commitment order and the law and must be reversed.
DHR next urges error in the portion of the order requiring DHR to pay the costs of care and treatment for T.L.H. until DMH accepts his custody and placement. The juvenile court ordered such payment, expressly distinguishing this case from Matter of R.D.S., 600 So.2d 308 (Ala.Civ.App.1992), by finding that “the legal custody of [T.L.H.] was at all times with [DHR].” We find nothing in the record to support or deny the finding that DHR has at all times had legal custody of T.L.H. When a trial court makes findings of fact from testimony not available on appeal, we must conclusively presume that that testimony supports the findings made by the trial court. Mitchell v. Mitchell, 506 So.2d 1009 (Ala.Civ.App.1987). Regardless of who had legal custody of T.L.H. prior to his commitment to DMH, as stated previously, DMH now has legal custody of T.L.H. by virtue of the commitment. Therefore, the trial court’s attempt to distinguish this case from R.D.S. must fail.
The financial responsibility of pre-commitment care and treatment was addressed thoroughly in Childree v. Health Care Authority, 548 So.2d 419 (Ala.1989). The issue in that case involved whether the State of Alabama, DMH, or Madison County was financially responsible for the costs incurred in the precommitment care and treatment of indigent Madison County citizens who had been involuntarily committed to the custody of DMH and were receiving treatment at private psychiatric facilities while awaiting acceptance at a DMH facility. Our Supreme Court determined that the financial responsibility for such treatment rested with the county. The law is clear that “if the child’s parents or others legally obligated are financially unable to pay such expenses, the county is statutorily obligated to do so.” Ex parte State Department of Mental Health & Mental Retardation, 555 So.2d 1132, 1133 (Ala.Civ.App.1989).
Consequently, the juvenile court’s order that legal custody of T.L.H. is with DHR, and that the care and treatment he is receiving at EAM while he awaits acceptance at a DMH facility is the financial responsibility of DHR, is in error and must be reversed for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.