HOLMES, Retired Appellate Judge.
In February 1991 M.D. and J.D., the parents of D.M.D., a minor, filed a petition, alleging that D.M.D. was in need of supervision because, they alleged, he was incorrigible and refused to obey the reasonable rules set by his parents.
Thereafter, the juvenile court issued an order, finding that D.M.D. was in need of supervision. The juvenile court granted temporary custody of D.M.D. to the Department of Mental Health and Mental Retardation (Department) and committed D.M.D. to the Department’s Eufaula Adolescent Adjustment Center for treatment.
In March 1992, while at the Eufaula Adolescent Adjustment Center, D.M.D. at *229 tempted suicide by hanging himself with a shoestring. As a result of his unsuccessful suicide attempt, D.M.D. suffered severe and permanent hypoxic brain injury.
In December 1992 M.D. and J.D. (parents) placed D.M.D. into Meadowbrook Rehabilitation Group, Inc. (Meadowbrook), a private rehabilitation facility in Atlanta, Georgia. D.M.D. was a patient at Meadowbrook from December 1992 until his discharge in November 1993. The charges incurred by D.M.D. during his stay at Meadowbrook totalled $322,752.51. We would note that the parents placed D.M.D. in Meadowbrook without any input from either Baldwin County or the Department, which still had custody of D.M.D.
In December 1993 the parents filed in the juvenile court a verified motion, to compel Baldwin County to pay for the costs associated with D.M.D.’s treatment at Meadowbrook. The parents requested that the juvenile court issue “an order commanding and directing [Baldwin County] to pay to Meadowbrook the expenses associated to date for the care and treatment of [D.M.D.], to assume responsibility for such future expenses as are reasonably necessary, and for such other and further relief as is just.”
In August 1994, following a hearing, the juvenile court granted the parents’ motion to compel Baldwin County to pay the costs of treating D.M.D.
Thereafter, Baldwin County appealed to both the circuit court and to this court, seeking a review of the juvenile court’s order. The appeal before this court was dismissed. Thereafter, the case proceeded before the circuit court. We would note that Meadow-brook subsequently intervened in order to protect its interest in being reimbursed for the costs associated with D.M.D.’s treatment.
In January 1997 the parents and Meadow-brook filed with this court a petition for a writ of mandamus. In their. petition the parents and Meadowbrook requested that this court order the circuit court judge to dismiss the appeal pending in the circuit court for want of subject matter jurisdiction. This court denied the petition.
In April 1997 the parents and Meadow-brook filed with the circuit court a motion to dismiss. The parents once again alleged that the circuit court lacked subject matter jurisdiction. The circuit court denied their motion.
In June 1997 the circuit court, after'considering the evidence, issued a final order, denying the motion to compel Baldwin County to pay for the costs associated with the care and treatment of D.M.D.
The parents and Meadowbrook appeal.
On appeal the parents and Meadowbrook strongly contend that the circuit court lacked subject matter jurisdiction over the case. Specifically, the parties contend that Baldwin County should have appealed the juvenile court’s order directly to this court, pursuant to Rules 20 and 28, Ala. R. Juv. P. The parents and Meadowbrook, however, miss the point that Baldwin County did appeal directly to this court and that this court dismissed the appeal. Furthermore, as stated previously, the parents and Meadowbrook filed a petition for a writ of mandamus, requesting that this court direct the circuit court to dismiss the appeal for want of subject matter jurisdiction. We denied the petition. In other words, this court determined that the circuit court had proper subject matter jurisdiction.
We would note that the argument presented by the parents and Meadowbrook regarding subject matter jurisdiction is based on procedural technicalities. We comment, however, that this case is a procedural nightmare, and for that reason, we decline to expound on the procedural background of this case. Instead, we emphasize that the spirit of the appellate rules is to reach a decision based on the merits as opposed to disposing of a ease on procedural technicalities. Rule 1, Ala. R.App. P. In other words, we have carefully reviewed the record in this case and conclude that the circuit court’s findings were clearly supported by the evidence.
The parents and Meadowbrook contend that the juvenile court properly ordered Baldwin County to pay the medical expenses incurred by D.M.D. at Meadowbrook. We *230 disagree. The statutory and case law cited by the parents and Meadowbrook indicates that the county, not the State or a department thereof, is responsible for the costs of private facilities. See Ex parte Dep’t of Mental Health, 511 So.2d 181 (Ala.1987), and Ex parte Dep’t of Human Resources, 553 So.2d 1159 (Ala.Civ.App.1989). However, those cases are clearly distinguishable because the juvenile courts, in those cases, were actively involved in the placement of the child.
In the present ease the parents voluntarily placed D.M.D. in Meadowbrook for treatment, without consulting either Baldwin County or the juvenile court. In fact, neither Baldwin County nor the juvenile court was notified of D.M.D.’s admission to Mea-dowbrook until after his discharge. Furthermore, as noted by the circuit court, there was no evidence that Meadowbrook’s bill “was reasonable in light of the services provided, or that it was in the range of fees normally charged for such services. Absent such evidence, no award could be granted.”
While we sympathize with the parents in this case, we cannot, under the facts and circumstances of the present case, find that Baldwin County is liable for the payment of the costs associated with D.M.D.’s treatment at Meadowbrook. As noted by the circuit court, “Baldwin County has no common law, or statutory duty to pay for [D.M.D.’s] medical bills.”
In light of the foregoing, the judgment of the circuit court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.