Petitioner, the Department of Pensions and Security of the State of Alabama, filed a petition for writ of mandamus to require Circuit Judge John W. Davis, Family Court of Montgomery County, Alabama, Juvenile Division, to set aside his order of June 28, 1977, in Case No. JU-0740-DP, styled In the Matter ofLucas McCain, a child under eighteen years of age.
On July 8, 1977, after argument by petitioner and by counsel for Lucas McCain on behalf of Judge Davis, this court stayed the order of Judge Davis pending answer and briefs.
Judge Davis's order of June 28, 1977, declared Lucas McCain to be a ward of the court, that a hearing on the merits shall be held August 1, 1977, and that
 "There be assessed as court costs in this case, to be paid by the State Department of Mental Health and the State Department of Pensions and Securities, each an agency of the State of Alabama, the sum of $3,500.00, said sum to be expended as shall be necessary and proper for the full and continuing care of Lucas McCain at the Peachtree-Parkwood Mental Health Center and Hospitals, Atlanta, Georgia, through August 1, 1977, or until the termination of the above styled case on the merits on August 2, 1977, whichever is latter. Said sum shall be paid pursuant to Act No. 763 (Regular Session 1976) Section IV, A (12) as court costs taxed against an agency of the State."
Petitioner contends that Judge Davis is without authority to order the State Department of Mental Health and/or the State Department of Pensions and Securities to pay funds from Act No. 763. Act No. 763 is a general appropriation act:
 "There is hereby appropriated for the ordinary expenses of the executive, legislative, and judicial departments of the State, for other functions of government for the interest on the public debt, and for the public schools for the fiscal year ending September 30, 1977, to be paid out of any monies hereinafter specified, from such other funds and accounts as may be designated, or so much thereof as may be necessary, and the total amount to be expended for the items for which the appropriation is herein made shall not exceed the amount provided therefor. . . .
. . . . .
"IV. OTHER FUNCTIONS OF GOVERNMENT:
 "A. OTHER FUNCTIONS OF GOVERNMENT TO BE FUNDED FROM THE GENERAL FUND:
. . . . .
 "(12) COURT COSTS ....................... $250,000.00 (To be paid by the State of Alabama not otherwise provided for)
Respondents point to Article 5, Juvenile Proceedings, of Tit. 13A, Code of Alabama 1940 (1975 Interim Supplement) and more specifically Tit. 13A, §§ 5-131 (a)(5), and 5-136. § 5-131 (a)(5) authorizes the juvenile court in the case of a dependent child to "[m]ake such other order as the court in its discretion shall deem to be for the welfare and best interests of the child." § 5-136 provides that the court may cause examination of a child believed to be mentally ill.
 ". . . Upon examination, if it appears that the child is in need of surgery, medical treatment or care, hospital care, or dental care, the court may cause the *Page 782 
child to be treated by a competent physician, surgeon or dentist or placed in a public hospital or other institution for training or care or in an approved private home, hospital or institution, which will receive it for like purposes. The expense of such treatment shall be a valid charge against the county unless otherwise provided for. The court may grant authority to order emergency medical care to any such person, agency or department charged with the detention, temporary shelter care or other care of a child within its jurisdiction. (1975, No. 1205, § 5-136, appvd. Oct. 10, 1975.)" (Emphasis added.)
§ 5-139 (a) of Tit. 13A clarifies the phrase, "unless otherwise provided for:"
 "All expenses necessary or appropriate to the carrying out of the purposes and intent of this article and all expenses of maintenance and care of children that may be incurred by order of the court in carrying out the provisions and intent of this article (except costs paid by parents, guardian or trustee), court costs as provided by law and attorney fees shall be valid charges and preferred claims against the county and shall be paid by the county treasurer when itemized and sworn to by the creditor or other persons knowing the facts in the case, and approved by the court." Tit. 13A, § 5-139 (a) at page 219.
§ 5-139 (b) provides for the parents or others legally obligated to support the child to pay for the court costs "as provided by law" and expenses incurred in caring for the child if they are financially able.
We find no authority in Tit. 13A, §§ 5-131 (a)(5) or 5-136 that would enable Judge Davis to charge as court costs under Act No. 763 (Regular Session, 1976) § 2IV A (12) Lucas McCain's stay at Peachtree-Parkwood Mental Health Center in Atlanta, Georgia. To allow this provision of Judge Davis's order to stand would allow the unrecoverable expenditure of State funds from an appropriation not intended for child care and from which Judge Davis has no authority to direct expenditure of funds for child care. We conclude that mandamus properly lies.Ex parte Sharp, 259 Ala. 652, 68 So.2d 545 (1953); Ex parteWeissinger, 247 Ala. 113, 22 So.2d 510 (1945).
Counsel for respondent has filed a cross petition for mandamus praying that this court order the trial judge to require the County of Montgomery to provide funds pending a hearing on the merits.
We decline to address that issue as it is not made to appear that the trial judge has declined the relief sought.
WRIT GRANTED; CROSS PETITION DENIED.
BLOODWORTH, MADDOX, FAULKNER and EMBRY, JJ., concur.