The Alabama Department of Human Resources ("the Department") has petitioned this Court for a writ of mandamus directing the Honorable James M. White, judge of the Juvenile Court of Bibb County, to vacate his order requiring the Department to pay for the treatment of a delinquent child at a private, residential mental health facility. The writ is granted.
The parties in this case agree that the child in question, who was adjudged delinquent after engaging in certain acts of sexual misconduct, desperately needs the treatment that he is presently receiving in the Three Springs Sexual Offender Program. The parties also agree that someone must pay for this treatment. The parties disagree, however, as to exactly where the financial responsibility for the child's treatment lies. Judge White and the assistant district attorney for the Fourth Judicial Circuit contend that the Department, which presently has legal custody of the child, is responsible for the cost of his treatment. The Department contends, however, that Judge White had no legal authority to require that its funds be used to pay for the child's treatment. It argues that Bibb County is statutorily obligated to pay for the kind of treatment that is being provided to the child. We agree with the Department.
Initially, we note that orders of the kind entered by Judge White are subject to mandamus review. See In re McCain,348 So.2d 780 (Ala. 1977). Mandamus is an extraordinary writ that will issue only when the following four requirements are met: 1) there is a clear legal right in the petitioner *Page 620 
to the relief sought; 2) there is an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) there is no adequate remedy at law; and 4) the jurisdiction of the court is properly invoked. Martin v. Loeb Co.,349 So.2d 9 (Ala. 1977).
Section 12-15-71(c)(4), Ala. Code 1975, authorizes a juvenile court to "[m]ake such . . . order as the court in its discretion shall deem to be for the welfare and best interests of the [delinquent] child." Article IV, § 88, of the Alabama Constitution states that "[i]t shall be the duty of the legislature to require the several counties of this state to make adequate provision for the maintenance of the poor." Section 12-15-70 specifically provides:
 "The juvenile court in its discretion may, either before or after hearing, cause any child within its jurisdiction to be given a physical or mental examination or both by a competent physician, psychiatrist, psychologist or other qualified examiner, under the supervision of a physician, psychiatrist or psychologist who shall certify to the examiner's findings in writing, or an examiner approved by the department of mental health, to be designated by the court having jurisdiction of the child and the physician, psychiatrist, psychologist or mental examiner shall certify to the court the condition in which the child is found.
". . . .
 "Upon examination, if it appears that the child is in need of surgery, medical treatment or care, hospital care or dental care, the court may cause the child to be treated by a competent physician, surgeon or dentist or placed in a public hospital or other institution for training or care or in an approved private home, hospital or institution, which will receive it for like purposes. The expense of such treatment shall be a valid charge against the county unless otherwise provided for."
(Emphasis added.) As was noted in In re McCain, supra, § 12-15-10 clarifies the phrase "unless otherwise provided for":
 "All expenses necessary or appropriate to the carrying out of the purposes and intent of this chapter and all expenses of maintenance and care of children that may be incurred by order of the court in carrying out the provisions and intent of this chapter, except costs paid by parents, guardians or trustees, court costs as provided by law and attorney fees shall be valid charges and preferred claims against the county and shall be paid by the county treasurer when itemized and sworn to by the creditor or other persons knowing the facts in the case and approved by the court."[1]
(Emphasis added.) Sections 12-15-9 and 12-15-11 provide a means for assessing the cost of a child's medical treatment against the parents or other persons legally obligated to care for and support the child. Section 12-15-11 also authorizes payment from the child's estate in the hands of a guardian or trustee. Neither of these sections would appear to apply in this case.
In Ex parte Department of Mental Health, 511 So.2d 181
(Ala. 1987), the Juvenile Court of Houston County placed a child in the custody of the Department of Mental Health and Mental Retardation and then ordered the Department to pay for the child's treatment at Charter Woods Hospital. This Court held that the trial court's order violated § 12-15-10 by placing the financial responsibility for the maintenance and care of the child on a department of the state instead of on the county. It is clear, therefore, that the Department in the present case is not legally obligated to pay for the child's treatment out of funds allocated to it by the legislature.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] The provision in § 12-15-10 making attorney fees valid charges and preferred claims against the county and directing that such fees be paid by the county treasurer was specifically repealed. See § 12-15-10.1 *Page 621