BOWEN, Presiding Judge.
The Alabama Department of Human Resources (“the Department”) has petitioned this Court for a writ of mandamus directing the Honorable Jim Embry, Jr., judge of the Juvenile Court of St. Clair County, to vacate his order requiring the Department to finance the inpatient treatment of a delinquent child at a private mental health facility. The petition is granted.
In response to the petition, this Court issued a show cause order to Judge Embry. In his response, Judge Embry stated:
“P.P. was placed in St. Clair County by the Juvenile Court of Etowah County, at the request of the Etowah County Department of Human Resources. Subsequent to the placement of the minor child, he committed an alleged delinquent act in St. Clair County. The Juvenile Court of St. Clair County determined during the process of handling this matter that the minor child should undergo psychiatric evaluation to determine the extent, if any, of psychiatric difficulties. The Juvenile Court made arrangements for Mountain View Hospital, Gadsden, Alabama, to admit the minor child for psychiatric evaluation. There was a good chance that insurance would have paid for the evaluation.
“Before the minor child could be admitted, the Etowah County Department of Human Resources came to St. Clair County and removed the minor child from St. Clair County and made the determination that he did not need inpatient treatment. Therefore, based on the Eto-wah County Department of Human Resources’ evaluation, there was no chance that this child could be admitted under any policy of insurance.
“The Juvenile Court for St. Clair County still felt that the best interest of the minor child would be served by the minor child obtaining inpatient treatment due to the seriousness of the alleged offense and so ordered. Due to the interference of the Etowah County Department of Human Resources, the Juvenile Court for St. Clair County felt that said Department had abridged any rights the minor child may have had for an evaluation to be paid for by insurance.
“Because the Etowah County Department of Human Resources took it upon themselves to become involved in a pending delinquency matter, the Juvenile Court for St. Clair County felt that said *407 Department should bear the expense for the psychiatric evaluation.”
While we understand Judge Embry’s frustration in this matter, the fact remains that he was without authority to order the Department to bear the expense of a psychiatric evaluation. In Ex parte Department of Human Resources of the State of Alabama, 620 So.2d 619 (Ala.1993), the Alabama Supreme Court reaffirmed its pri- or holding in Ex parte Department of Mental Health, 511 So.2d 181 (Ala.1987), that an order of the trial court placing the financial responsibility for the maintenance and care of the child on a department of the state instead of on the county violates the provisions of Ala.Code 1975, § 12-15-10.
“The Court of Civil Appeals’ judgment ordering the Department of Mental Health to pay for the child’s care and treatment not only runs afoul of § 12-15-10, but also violates §§ 42 and 43 of the Constitution of Alabama of 1901, which sections deal with the doctrine of separation of powers.
“Although the Legislature granted authority to the juvenile courts to commit children to the custody of the Department of Mental Health and authority to avail themselves of the facilities and personnel of Mental Health, the Legislature did not confer upon the juvenile courts the authority to commit a child to the custody of Mental Health and then order that the child be placed in a private psychiatric facility. See Code of Alabama 1975, § 12-15-90. Had the Legislature intended to grant authority to juvenile courts to commit a child to the custody of the Department of Mental Health and then order that the child be placed in a private psychiatric facility at the expense of Mental Health, it would have been a simple matter for the Legislature to so provide. The Legislature’s power to determine the appropriations for each state agency cannot be usurped by either of the other branches of government. The Department of Mental Health is mandated by the Legislature to act, through its commissioner, ‘in any prudent way to provide mental health services ... for the people of Alabama.’ Code of Alabama 1975, § 22-50-1, et seq. The Department of Mental Health is therefore charged by the Legislature to accept minors alleged to be mentally ill and treat them by means of its various programs and facilities. Nowhere in any of these statutes does the Legislature state that anyone other than the Department of Mental Health is authorized to care for and treat these children.
“Furthermore, in In re McCain , 348 So.2d 780 (Ala.1977), this Court was presented with a situation substantially similar to the one sub judice. There, the trial court had made McCain a ward of the court, placed him in an out-of-state mental health center, and required the Alabama Department of Mental Health to pay for McCain’s care and treatment. In striking down the court’s order, this Court stated:
“To allow this provision of Judge Davis’s order to stand would allow the unrecoverable expenditure of State funds from an appropriation not intended for child care and from which Judge Davis has no authority to direct expenditure of funds for child care.
“348 So.2d at 782. The rationale behind this Court’s decision in McCain is equally sound in this case. We find no merit in the argument that the case before us is distinguishable from McCain because of the fact that in McCain, the Court labeled as ‘court costs’ the amount to be paid by the Department of Mental Health. Whatever their designation, costs for care and treatment of a minor placed in a private institution cannot be charged to the Department of Mental Health. Therefore, that portion of the Court of Civil Appeals’ opinion that held the Department of Mental Health responsible for the child’s expenses while he was in Charter Woods Hospital is erroneous and it is hereby reversed.”
*408 Ex parte Department of Mental Health, 511 So.2d at 183, 184 (emphasis in original).
Therefore, the writ of mandamus is granted. Judge Embry is hereby directed to set aside that portion of his order of March 11, 1993, that orders that the expense of in-patient treatment for P.P. at the Mountain View Hospital be borne by the Department.
PETITION GRANTED.
All Judges concur.