CRAWLEY, Judge.
This case involves the placement of a juvenile who has been adjudged delinquent.
In January 1994, the trial court adjudicated R.B.J. a “multiple needs child.” In June 1994, the trial court adjudicated him a delinquent child, again adjudicated him a multiple needs child, and directed the Department of Human Resources, the Department of Youth Services, and the Department of Mental Health and Mental Retardation to jointly plan for and provide for his treatment, placement, and payment. The trial court placed R.B.J. in custody of the Department of Human Resources and directed that he be placed in a therapeutic foster home in Montgomery.
In May 1995, delinquency petitions were filed again against R.B.J., and eventually the trial court directed, in accordance with recommendations from all the departments involved, that R.B.J. be placed in a group home in Mobile. The trial court further ordered the Department of Mental Health and Mental Retardation to “undertake the establishment of a facility in the immediate Montgomery area similar to the [group home in Mobile] for Juveniles exhibiting the same or similar characteristics as [R.B.J.]” and ordered that the “facility should be in place for [R.B.J.] within 90 days of the date of this Order.”
The Department of Mental Health and Mental Retardation appeals, arguing that the trial court’s order requiring the establishment of a particular type of juvenile facility in the Montgomery area is unconstitutional. Specifically, the Department argues that the order violates the separation of powers doctrine.
*458 The separation of powers doctrine, which the United States Supreme Court first set out in the landmark case of Marbury v. Madison, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803), is incorporated in Ala. Const.1901, Art. III, § 42 and § 43. Section 42 reads:
“The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.”
Section 43 reads:
“In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.”
The Department argues that the trial court is not authorized to order the Department to appropriate funds for a facility in the Montgomery area to meet the needs of R.B.J. The authority to determine the amount of appropriations necessary for the performance of government functions is a legislative power, not a judicial power. Morgan County Comm’n v. Powell, 292 Ala. 300, 293 So.2d 830 (1974). Ala.Code 1975, § 22-50-11, sets out the powers the legislature has delegated to the Department. The extensive powers include:
“(1) ... to set up state plans for the purpose of controlling and treating any and all forms of mental and emotional illness and any and all forms of mental retardation ....
“(2) ... to supervise, coordinate and establish standards for all operations and activities of the state related to mental health and mental retardation and the providing of mental health services and mental retardation services; and it is authorized to receive and administer any funds available from any source for the purpose of acquiring building sites for, constructing, equipping, maintaining or operating mental health centers, and community mental retardation programs and facilities or institutions....
“(3) It is hereby designated as the single state agency of the state of Alabama to receive and administer any and all funds available from any source for the purpose of training, research and education in regard to all forms of mental and emotional illness and all forms of mental retardation through its commissioner.
[[Image here]]
“(8) The mental health and mental retardation department is hereby authorized and directed to establish and promulgate reasonable rules, policies, orders and regulations providing details of carrying out its duties and responsibilities, including bylaws for its own organization, government and procedures.
“(9) It is authorized and directed to purchase or lease land or acquire property by eminent domain and to purchase, lease, rent, sell, exchange or otherwise transfer property, land, buildings or equipment in order to carry out its duties and responsibilities.”
Our supreme court has held that “[A juvenile court judge] has no authority to direct expenditure of funds for child care.” In re McCain, 348 So.2d 780, 782 (Ala.1977). Judge Bradley, writing for this court and interpreting the relationship of the powers of the Department and the juvenile court, stated:
“[T]he legislature obviously intended that the Department and its personnel have the authority to deal with these children as required by the exigencies of the situation. ... [T]he Department has been empowered with discretion to deal with these troubled children in a professional manner. Moreover, by authorizing the juvenile court to commit mentally disturbed children to the care and custody of the Department, the legislature obviously intended to allow the juvenile court to avail itself of the Department’s facilities and personnel in dealing with mentally disturbed chil *459 dren. See, § 12-15-90, Code 1975. However, in so doing, the legislature did not authorize the juvenile court to tell the Department how to exercise the discretion reposed to it.”
In re Morris, 491 So.2d 244, 246 (Ala.Civ.App.1986) (emphasis added).
We conclude, on the authority of the separation of powers doctrine, § 22-50-11, McCain, and Morris, that the trial court did not have the authority to order the Department to establish a facility in the Montgomery area to meet the needs of R.B.J. Therefore, the judgment of the trial court is reversed and the cause remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and MONROE, JJ. concur.
ROBERTSON, P.J., dissents.
YATES, J., recuses.