The State of Alabama Department of Human Resources (DHR), on behalf of the Elmore County DHR, petitions for a writ of mandamus ordering the judge of the Montgomery County Juvenile Court to amend or vacate his order requiring the Elmore County DHR to pay a medical bill incurred on behalf of A.C. Alternatively, DHR requests that, if appropriate, this petition be treated as an appeal, in which case it asks this court to reverse the juvenile court's order.
On or about May 31, 1995, A.C., who was 16 years old, was detained by the Montgomery Police Department. She was taken to the Montgomery County Youth Facility and was placed in the Montgomery Area Runaway Youth Shelter (MARYS); she had apparently run away from her stepmother's home in Elmore County about January 1995. Both of A.C.'s parents are deceased. On or about the night of June 3, 1995, either MARYS or the Montgomery County Youth Facility transported A.C. to Jackson Hospital for emergency medical treatment. It appears that A.C. was treated at the emergency room and was released. Jackson Hospital generated *Page 718 
a bill for services rendered for A.C.; payment of that bill is at issue. The record does not include a copy of the bill.
On November 9, 1995, a Montgomery County Juvenile Court referee held a hearing and determined that A.C. was dependent and placed her in the custody of the Elmore County DHR. Subsequently, the Elmore County DHR and the Montgomery County DHR argued over which county's DHR should have custody. The Montgomery County Juvenile Court referee entered another order, apparently amending its prior order, awarding the Elmore and Montgomery County DHRs joint custody of A.C. The case was transferred to the juvenile court judge, who held hearings on January 31, 1997, and February 28, 1997, regarding the custody issue, the bill from Jackson Hospital, and certain additional issues not relevant to our review. On September 29, 1997, the juvenile court judge entered an order finding that A.C. was a runaway from Elmore County when she was taken to the emergency room, and holding that the hospital bill was the responsibility of the Elmore County DHR. The trial court also held that the Elmore County DHR would have custody of A.C.
Initially, we note that the order at issue is subject to mandamus review. Ex parte Department of Human Resources,620 So.2d 619 (Ala. 1993). "Mandamus is an extraordinary writ that will issue only when the following four requirements are met: 1) there is a clear legal right in the petitioner to the relief sought; 2) there is an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) there is no adequate remedy at law; and 4) the jurisdiction of the court is properly invoked." Id. at 619-20.
Section § 12-15-70, Ala. Code 1975, provides in pertinent part:
 "The juvenile court in its discretion may, either before or after hearing, cause any child within its jurisdiction to be given a physical or mental examination or both by a competent physician, psychiatrist, psychologist or other qualified examiner. . . .
". . . .
 "Upon examination, if it appears that the child is in need of surgery, medical treatment or care, hospital care or dental care, the court may cause the child to be treated by a competent physician, surgeon or dentist or placed in a public hospital or other institution for training or care or in an approved private home, hospital or institution, which will receive it for like purposes. The expense of such treatment shall be a valid charge against the county unless otherwise provided for.
 "The court may grant authority to order emergency medical care to any such person, agency or department charged with the detention, temporary shelter care or other care of a child within its jurisdiction."
(Emphasis added.)
The Supreme Court has held that the phrase "unless otherwise provided for" is clarified by § 12-15-10, Ala. Code 1975, which provides:
 "All expenses necessary or appropriate to the carrying out of the purposes and intent of this chapter and all expenses of maintenance and care of children that may be incurred by order of the court in carrying out the provisions and intent of this chapter, except costs paid by parents, guardians or trustees, court costs as provided by law and attorney fees shall be valid charges and preferred claims against the county and shall be paid by the county treasurer when itemized and sworn to by the creditor or other persons knowing the facts in the case and approved by the court."
See Ex parte Department of Human Resources, supra; In reMcCain, 348 So.2d 780 (Ala. 1977). Accordingly, if the child's parents, guardians, or trustees are unable to pay the medical expenses, the county is obligated to do so. Ex parte Departmentof Human Resources, supra; In re McCain, supra; Ex parte StateDep't of Mental Health Mental Retardation, 555 So.2d 1132
(Ala.Civ.App. 1989). Thus, the juvenile court did not have the authority to order the Elmore County DHR, a state agency, to pay the medical bill in question. Ex parte Department of HumanResources, supra; In re McCain, supra; Ex parte State Dep't ofHuman Resources, *Page 719 621 So.2d 406 (Ala.Crim.App. 1993); In re T.L.H.,607 So.2d 295 (Ala.Civ.App. 1992). Therefore, the writ is due to be issued.
We note that DHR also appears to argue that Elmore County should not be held liable for payment of the hospital bill, because, it argues, A.C. was in Montgomery County when the hospital bill was incurred. DHR does not provide legal authority in support of this argument. The record contains conflicting evidence as to whether the Elmore County DHR had dealings with A.C. before she ran away to Montgomery. At the hearings, the juvenile court judge was presented with testimony that A.C. had been in the custody of the Elmore County DHR. It is undisputed that A.C. had run away from her stepmother's home in Elmore County, and that she has now been returned to Elmore County, where she lives in a foster home with her two children. The trial court is in the better position to determine this disputed issue of fact regarding which county should be responsible. Thus, in issuing this writ, we are not holding that the trial court erred in its determination as to the county whose DHR is responsible, but that it erred in holding any DHR responsible for paying this bill.
In light of the foregoing, the trial court is ordered to vacate that portion of its order of September 29, 1997, that requires the Elmore County DHR to pay A.C.'s hospital bill.
WRIT GRANTED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.